ORIGINAL

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

FILED
DEC 6 2007
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE CNA CORPORATION, Plaintiff, | No: 07-858 C |
| v. | |
| THE UNITED STATES, Defendant. | Judge: ________ |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to RCFC 65(a), Plaintiff, The CNA Corporation ("CNAC"), respectfully requests this Court to issue a Preliminary Injunction enjoining Defendant, United States of America ("United States"), acting through the National Institutes of Health ("NIH"), a part of the Department of Health and Human Services ("HHS"), and its officers, agents, and employees, as well as all other persons in active concert or participation with it, from commencing or continuing performance of any contract for Montgomery County, Maryland awarded in connection with Request for Proposals ("RFP") No. NIH-NICHD-NCS-07-11 (hereinafter the "Solicitation" or the "RFP"), entitled National Children's Study ("NCS" or "Study"), pending a final determination of the merits by this Court. CNAC believes that no contract award has been made and, therefore, CNAC requests a preliminary injunction to prevent NIH from awarding the Montgomery County Contract to any offeror other than CNAC.

Plaintiff CNAC has a substantial likelihood of prevailing on the merits of this action, as Defendant's failure to award a contract to CNAC for the Montgomery County, Maryland NCS Study location was arbitrary, capricious, without rational basis, and prejudicial to CNAC.

Unless this motion is granted, CNAC will suffer immediate and irreparable harm from the commencement (or continuing performance) of any contract awarded for Montgomery County, Maryland in response to the RFP. Neither the Defendant nor the public will suffer substantial harm from the requested equitable relief. The public interest demands adherence to applicable statutes and regulations, and thus fully supports issuance of the requested injunctive relief.

The grounds for this Motion are set forth more fully in the Complaint for Declaratory, Preliminary and Permanent Injunctive Relief and in Plaintiff's Memorandum in Support of Its Motion for a Preliminary Injunction, filed concurrently herewith.

WHEREFORE, CNAC respectfully requests that this Court issue a Preliminary Injunction as described above.

Dated: December 5, 2007

Respectfully submitted,

Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel for The CNA Corporation

*Of Counsel:*
Daniel S. Herzfeld
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7612
(703) 770-7901 (fax )

# ATTACHMENTS

ATTACHMENT 1

DEPARTMENT OF HEALTH & HUMAN SERVICES

Public Health Service

Phone: (301) 435-6947
Fax: (301) 402-3676
Email: eo43m@nih.gov

National Institutes of Health (NIH)
National Institute of Diabetes and Digestive and Kidney Diseases (NIDDK)
Office of Acquisitions, NICHD Branch
6100 Executive Blvd., Room 7A07, MSC 7510
BETHESDA MD 20892-7510
Overnight Delivery Zip code (FedEx): 20852

October 05, 2007

Mr. Keith Thornburg
CNA Corporation
4825 Mark Center Drive
Alexandria VA 22311

Subject: Request for Proposals (RFP) No. NIH-NICHD-NCS-07-11 East entitled "National Children's Study"

Dear Mr. Thornburg:

This letter is to notify you that your proposal, submitted in response to the above subject RFP, was not selected for contract award.

The following information is provided pursuant to Federal Acquisition Regulation (FAR) 15.503 (b). Eighteen (18) proposals were received on or before the due date. Twelve (12) awards with an effective date of September 28, 2007 have been made under this RFP to the following institutions:

1. University of Pittsburgh
   139 University Place
   350 Thackeray Hall
   PITTSBURGH PA 15260

   Contract No.: HHSN267200700029C
   Contract Amount: Base -- Westmorland County, PA $11,797,478; Option location – Marion County, WV $12,945,406

2. Brown University
   Office of Sponsored Projects
   Box 1929
   164 Angell Street
   PROVIDENCE RI 02912

   Contract No.: HHSN267200700032C
   Contract Amount: Base – Providence, RI $14,111,816

3. The University of North Carolina at Chapel Hill
   123 West Franklin Street, University Square
   CHAPEL HILL NC 27516-2524

   Contract No.: HHSN267200700049C
   Contract Amount: Base – Durham, NC $4,588,968; Option locations – Rockingham County, NC $10,870,917; Durham County, NC $10,992,967; Burke County, NC $11,100,026; Buncombe County, NC $11,124,130

4. Johns Hopkins University
Bloomberg School of Public Health
615 North Wolfe Street
BALTIMORE MD 21025

Contract No.: HHSN267200700048C
Contract Amount: Base – Baltimore County, MD $12,808,223

5. Yale University
Grant and Contract Administration
P.O. Box 20847
NEW HAVEN CT 06520-8047

Contract No.: HHSN267200700028C
Contract Amount: Base – New Haven, CT $15,053,669

6. The Children's Hospital of Philadelphia
Joseph Stokes, Jr. Research Institute
Abramson Pediatric Research Center
3615 Civic Center Boulevard
PHILADELPHIA PA 19104

Contract No.: HHSN267200700020C
Contract Amount: Base – Philadelphia, PA $17,932,932; Option locations -- New Castle, DE $12,684,513; Schuylkill, PA $13,490,645

7. University of Massachusetts Medical School
55 Lake Avenue North
WORCESTER MA 01655

Contract No.: HHSN267200700024C
Contract Amount: Base – Worcester, MA $16,245,311

8. Mount Sinai School of Medicine
One Gustave L. Levy Place
NEW YORK NY 10029

Contract No.: HHSN267200700047C
Contract Amount: Base – New York City, NY $18,851,068; Option locations – Nassau County, NY $16,093,827; Passaic County, NY $15,147,150; Middlesex County, NY $14,815,941; Brooklyn, NY $16,981,892

9. Michigan State University
Contract and Grant Administration
301 Administration Building
EAST LANSING MI 48824

Contract No.: HHSN267200700034C
Contract Amount: Base – Wayne County, MI $18,581,901

Request for Proposals (RFP) No. NIH-NICHD-NCS-07-11 East entitled "National Children's Study"

10. Emory University
1784 N. Decatur Rd. Suite 530
ATLANTA GA 30322

Contract No.: HHSN267200700007C
Contract Amount: Base – DeKalb County, GA $13,373,534; Option location– Fayette County, GA $12,126,816

11. Northwestern University
633 Clark Street
EVANSTON IL 60208-1110

Contract No.: HHSN267200700027C
Contract Amount: Base – Cook County, IL $16,776,174; Option location – Cook County, IL $15,242,096

12. University of Mississippi Medical Center
2500 North State Street
JACKSON MS 39216

Contract No.: HHSN267200700030C
Contract Amount: Base – Hinds, MS -- $12,840,315

In accordance with FAR 15.503 (b)(v), the primary reason CNA did not receive an award, is that as a consequence of the Government post employment restrictions, 18 U.S.C. 207, the proposed Principal Investigator (PI) would not be able to fulfill the duties of a PI as contemplated by the terms and conditions of the Request for Proposals (RFP). As set forth in the terms of the RFP, the Principal Investigator is required to have substantial interactions with Government personnel during the performance of the contract.

The National Institute of Child Health and Human Development sincerely appreciates your interest in our program as evidenced by the submission of your proposal; and we look forward to your continued interest in our acquisitions.

Sincerely,

Elizabeth J. Osinski

Elizabeth J. Osinski
Contracting Officer
NICHD Branch, OA, NIDDK

cc: Proposed Principal Investigator: Sarah Friedman, M.D.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**OFFICE OF THE GENERAL COUNSEL**
**General Law Division**
**Room 4760**
**330 Independence Avenue, S.W.**
**Washington, DC 20201**

# FACSIMILE TRANSMISSION SHEET

DATE: November 26, 2007

TO: Alex D. Tomaszczuk, Esq.
Pilsbury Winthrop Shaw Pittman LLP
1650 Tysons Boulevard
14th Floor
McLean, VA 22102-4859
**Fax: 703.770.7901**

FROM: Daniel Barry
Phone: (202) 619-0153
Fax: (202) 619-2922

PAGE(S): 3 (including cover)

RE: CNA

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division

330 Independence Avenue, S.W.
Rm. 4760 Wilbur J. Cohen Federal Building
Washington, DC 20201

November 26, 2007

Alex D. Tomaszczuk, Esq.
Pilsbury Winthrop Shaw Pittman LLP
1650 Tysons Boulevard
14th Floor
McLean, VA 22102-4859
Fax: 703.770.7901

RE: CNA Proposal on NIH-NICHD-NCS-07-11-EAST

Dear Mr. Tomaszczuk :

This is in response to CNA's request for our office's response to certain questions you posed during our October meeting regarding the National Institute of Health's decision to not award a contract to CNA in response to Request for Proposal NIH-NICHD-NCS-07-11-EAST based on the proposed Principal Investigator's inability to both fulfill her responsibilities under the contract and comply with the post-employment restrictions found at 18 U.S.C. 207.

During our meeting, you posed three specific questions for which you asked the Agency's response, specifically, (1) how did HHS define "matter" in applying Section 207 to the present situation, (2) how did HHS believe the "specific party" prong of the statute was met, and (3) why HHS did not recognize the exception for technical matters provided for at 5 C.F.R. 2637.204 to operate and remove application of the post employment restriction in this case.

The relevant provision of Section 207 prohibits former employees from communicating with or appearing before government officials on behalf of a third party in relation to "particular matters involving specific parties" in which the former employee participated during federal service. The term "particular matter" is defined by the statute to include "any investigation, application, request for a ruling or determination, rulemaking, contract, controversy, claim, charge, accusation, arrest, or judicial or other proceeding." 18 U.S.C. 207(i)(3). The Agency considers the Study to be a "particular matter involving specific parties." This term has been defined by the Office of Government Ethics and the Department of Justice to include specific proceedings affecting the legal rights of parties, or a related set of transactions between identified parties. Accordingly, the Agency believes it would be inappropriate to attempt to segregate the Study into separate and distinct matters based on protocols. The Principal Investigator's work on the protocol(s) was both personal and of significance to the related set of transactions. The fact that CNA might not have been aware of the development of the RFP at this time, or that the proposed

Principal Investigator had no contact whatsoever with CNA during the drafting of the RFP, is not relevant for this analysis.

Finally, CNA indicated it believed the exception for "technical matters" provided at 5 C.F.R. 2637.201 precluded application of the post-employment restriction in this case. First, we would not agree that the proposed principal investigator's work on the protocol was merely a technical matter in the meaning of that regulation. In fact, the entire reason for drafting the protocol was for the express purpose of inclusion in the RFP an eventual contract at issue; the protocol had no other use except to be incorporated in the statement of work. In any event, however, 5 C.F.R. 2637.201 does not apply to this situation, as its application is limited to individuals who terminated Government service before January 1, 1991:

> NOTE: Part 2637 provides guidance concerning the prior version of 18 U.S.C. 207 (1988) as it continues to apply to individuals who terminated Government service (or a "Senior" Government position) before January 1, 1991. However, since no former "Senior Employee" who terminated service before that date could any longer be subject to the one-year restriction of section 207(c) of 18 U.S.C. as it existed prior to its amendment by the Ethics Reform Act of 1989, the listing of separate statutory agencies that previously appeared in § 2637.214 has been deleted.

5 C.F.R. 2367.214 (emphasis added.) Thus, this provision is not in effect in so far as the current situation is concerned, and the agency is not bound by the exception for "technical matters" provided therein.

It is my hope that this information is helpful to you and your client. Furthermore, my client has indicated that may conduct procurements in the future for the National Children's Study, and would encourage your client to submit proposals on such procurements, assuming that it can do so with a principal investigator whose prior employment would not implicate the post employment restrictions at 18 U.S.C. 207. Once again, I enjoyed meeting you and Ms. Goodman and appreciate your in-person visit to our offices to discuss this matter.

Sincerely,

Daniel Barry
Deputy Associate General Counsel

cc: Elizabeth Osinski
Gretchen Weaver, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Plaintiff's Motion for a Preliminary Injunction was served by e-mail December 5, 2007 upon:

Matthew Solomson, Esq.
Trial Attorney, Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Washington, DC 20530
matthew.solomson@usdoj.gov

Daniel S. Herzfeld