# In the United States Court of Federal Claims

| | | |
|---|---|---|
| THE CNA CORPORATION, Plaintiff, | | No. 07-858C |
| v. | | Filed: January 3, 2008 |
| UNITED STATES, Defendant. | | |

## O R D E R

In this post-award, bid protest case, defendant filed a December 27, 2007, motion for a stay of proceedings and remand to the agency for reconsideration. Plaintiff filed a January 2, 2008 response in opposition. Prior to defendant's request for remand, on December 18, 2007, the administrative record was filed with the court, consisting of seven volumes and over 3000 pages. The court, therefore, had an opportunity to review the record as filed. The court held a hearing on defendant's remand motion on January 2, 2008.

In defendant's December 27, 2007 filing, and again during the January 2, 2008 hearing, defendant acknowledged and the court concludes that, in rendering the adverse ethics decision on Dr. Sarah Friedman's proposed participation as plaintiff's Principal Investigator for the contract at issue, which is at the heart of this case, the agency did not provide the specific statutory basis for its decision; the agency did not consider the impact of the pertinent regulations and other pertinent matters before making its ethics decision; the agency did not provide a reasonable basis for its adverse ethics decision; the administrative record, compiled and submitted by the agency, is inadequate to have supported a full and complete ethics review of Dr. Friedman; and the agency did not afford plaintiff a meaningful opportunity to respond to its adverse ethics ruling. The court concludes that the agency's adverse ethics decision on Dr. Friedman's proposed participation in the contract at issue is arbitrary and without apparent rational basis.

Specifically, in "Defendant's Motion for Stay of Proceedings and Remand," defendant acknowledged:

> After reviewing the administrative record, we agree that NIH must fully consider the impact of certain regulations cited by CNAC in its complaint and during its October 24, 2007 meeting with counsel for NIH. We also agree that NIH – in plaintiff's words – did not "provide an adequate explanation for excluding Dr. Friedman on the basis of 18 U.S.C. § 207(a)."

Defendant also stated:

> In this case, the Government acknowledges that NIH and the SSA, in excluding CNAC from award eligibility, did not consider the possible impact of 5 C.F.R. § 2637. Moreover, the agency "decision" – not to mention the supporting administrative record – is unquestionably sparse. For example, as the Court noted during the initial December 6, 2007 status conference, agency documentation does not indicate upon which subsection of 18 U.S.C. § 207 the agency relied in excluding CNAC's proposal.

Furthermore, defendant concluded:

> Finally, the agency acknowledges plaintiff's "concern that [it was] not afforded the opportunity to respond to [the agency's] determination [to exclude CNAC] as [plaintiff] had made [its] own determination in electing to propose that Dr. Friedman was eligible to respond as [principal investigator] and that [CNAC] should have been given a change to address this." (brackets in original).

In addition, defendant wrote:

> Although not "confessing error" – that is, not conceding that the agency's decision in fact lacked a rational basis – the Government, as explained above, acknowledges that the agency did not consider adequately CNAC's position regarding 18 U.S.C. § 207, in particular with respect to the applicability and impact of 5 C.F.R. § 2637. In addition, the rationale underlying the agency's decision is not adequately documented in this case, but rather rests solely upon a two paragraph e-mail, albeit from a Senior NIH Ethics Counsel.

Finally, in its filing, the defendant indicates that upon reconsideration of Dr. Friedman's situation, the NIH proposes to consider other National Children's Study contracts, not currently in the administrative record as compiled and filed by the defendant, and not previously reviewed by the defendant, to determine whether she participated personally and substantially as an employee in work which included a specific party or specific parties.

After exploring the adequacy of the agency's administrative decision at an earlier hearing on December 6, 2007, shortly after the bid protest was filed, including identification of several perceived defects by the court and the plaintiff, the court appreciates defendant's counsel's candor in its recent filing. Defendant's counsel tried to protect his client by several times stating in the motion to remand that the government was "not 'confessing error'" and also by stating that the defendant was "not conceding that the agency's decision in fact lacked a rational basis." Nonetheless, the weight of the admissions by defendant as to the inadequacy of the decision making process, the filed administrative record compiled by the defendant and the absence in the filed record of sufficient indication or documentation to support

proper administrative review, directs the court to a finding that the agency, NIH, acted arbitrarily and capriciously when it found Dr. Friedman ineligible to participate as the Principal Investigator in a contract award to the plaintiff. The agency conducted an inadequate review of the important ethics issues presented and failed to properly document even the minimal review steps it undertook.

Therefore, the court partially awards plaintiff the injunctive relief it seeks, vacates the agency's initial adverse ethics decision on Dr. Friedman, and awards the plaintiff CNA Corporation bid preparation costs. The agency shall pursue a reconsideration of the ethics decision and, at a minimum, shall consider the issues raised by the applicable statutory and regulatory sections, including subsections of 18 U.S.C. § 207 (2000) and 5 C.F.R. § 2637 (Jan. 1, 2007), not previously and properly considered. Remarkably, during two hearings conducted by the court, and in its most recent filing, the agency was unable to articulate which subsections of the statute or regulation had been applied during the review, or which should be applied.

Agency ethics reviews and decisions are mandated, and the final determinations are critical to both the agency and the individuals impacted by those decisions. Dr. Friedman, and plaintiff, deserve a properly conducted ethics review by the agency. The impact of the decision to bar Dr. Friedman from participation as plaintiff's Principal Investigator is especially compelling given statements made by government officials, and acknowledged by defendant's counsel and agency personnel in the hearings before the court, that plaintiff CNA Corporation had been recommended for an award for the Montgomery County study contract, pending only the issue of the eligibility of Dr. Friedman as plaintiff's Principal Investigator, given her previous employment at NIH.

Defendant's motion seeking a remand is denied. The court further anticipates that Dr. Friedman, and plaintiff, will not be penalized as a result of bringing this successful, post-award bid protest to the court, especially given the agency's former, high appraisal on the substance of plaintiff's proposal. Also, as a result of the court's decision, the briefing schedule and oral argument established in the court's December 7, 2007 order are mooted. Any future protests by plaintiff stemming from the award or non-award of the NIH studies at issue in this case shall be assigned to the undersigned judge. In any fresh complaint, plaintiff shall draw the attention of the clerk's office to the relationship of possible future cases to this order. Costs to plaintiff.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**