**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE CNA CORPORATION, | ) | |
| | ) | No. 07-858C |
| Plaintiff, | ) | |
| | ) | (Judge Horn) |
| v. | ) | |
| | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S**
**<u>APPLICATION FOR BID PREPARATION AND PROPOSAL COSTS</u>**

Defendant, the United States, respectfully requests this Court to strike plaintiff CNA Corporation's ("CNAC") April 4, 2008 application for bid preparation and proposal costs. As explained in more detail below, this case is closed. CNAC's application is therefore untimely and unsupported by the Rules of the Court of Federal Claims ("RCFC"). Accordingly, CNAC's application is improper and should be stricken.

**I. <u>Factual and Procedural Background</u>**

In this post-award bid protest case, CNAC filed a complaint, on December 6, 2007, in this Court, alleging that the National Institutes of Health ("NIH") improperly declined to award CNAC a contract under Request for Proposals ("RFP") No. NIH-NICHD-NCS-07-11 to implement the National Children's Study ("NCS"). Indeed, NIH was prepared to award a contract to CNAC, but NIH concluded that it could not do so, based upon the post-employment restrictions (applicable to former government employees) contained in the Ethics in Government

Act. See 18 U.S.C. § 207(a).[1]

The crux of CNAC's complaint was that "[i]n response to post-procurement inquiries from CNAC, the NIH has been unable to provide an adequate explanation for excluding Dr. [Sarah] Friedman [a former NIH researcher] on the basis of 18 U.S.C. § 207(a)." CNAC had proposed Dr. Friedman as its "principal investigator" to manage the work under the contract CNAC sought. On October 5, 2007, CNAC received notice that its proposal was not selected for award in connection with the RFP. CNAC timely requested a debriefing, which was held on October 12, 2007. Rather than immediately filing a bid protest with the agency, the GAO, or the Court, CNAC elected to attempt to resolve its dispute informally by meeting with NIH counsel.[2]

CNAC thus did not file its bid protest in the court until December 6, 2007, two months after the October 5, 2007 notification of contracts awards, which had an effective date of September 28, 2007. During those two months, the 12 awardees under the RFP commenced performance. CNAC also filed, on the same date of its complaint, a motion for preliminary

[1] "[I]ndividual agencies ordinarily have the primary responsibility for providing post-employment [ethics] advice to their former employees." Office of Government Ethics Informal Advisory Letter 05 x 6, 2006 WL 4169815, *1 (O.G.E. Sept. 19, 2005) (citing CACI, Inc. - Federal v. United States, 719 F.2d 1567, 1576 (Fed. Cir. 1983)). "[A]n agency's opinion regarding the application of 18 U.S.C. § 207 to one of its former employees is entitled to weight." Id.

[2] While plaintiff's counsel later argued that CNAC could not have filed an agency or GAO protest, due to an alleged delay in the debriefing date, that is simply not the case. See FAR 33.103(e) ("protests shall be filed no later than 10 days after the basis of protest is known or should have been known"); FAR 33.103(f)(3) ("Upon receipt of a protest within 10 days after contract award or within days after a debriefing date . . . , whichever is later the contracting officer shall immediately suspend performance . . . ." (emphasis added); 4 C.F.R. § 21.2(a)(2) (For a GAO protest, "the initial protest shall not be filed before the debriefing date offered to the protester, but shall be filed not later than 10 days after the date on which the debriefing is held.").

injunctive relief. CNAC, however, did not seek to stay the performance of any of the awardees, but rather to prevent NIH from awarding any NCS contract related to the Montgomery County, Maryland study center. CNAC's motion for preliminary injunctive relief was rendered moot when the agency indicated that it had no intention of making any additional awards under the RFP at issue, and further committed not to issue any new RFP for that study center until after the resolution of CNAC's bid protest.

On December 27, 2007, pursuant to the Court of Appeals for the Federal Circuit's decision in SKF USA Inc. v. United States, 254 F.3d 1022, 1029-30 (2001), we filed a motion seeking a stay of proceedings and a voluntary remand to the agency for reconsideration of its ethics decision regarding Dr. Friedman. Plaintiff filed an opposition to our motion on January 2, 2008, and a telephonic hearing was held on that same date. After the hearing, the court issued an order, on January 3, 2008, denying our December 27, 2007 motion to remand. In its order, the court also "partially award[ed] plaintiff the injunctive relief it seeks, vacat[ing] the agency's initial adverse ethics decision."

On January 7, 2008, pursuant to the January 3, 2008 order and RCFC 58, the court entered judgment in this matter and ordered as follows: "[T]he agency's initial adverse ethics decision on Dr. Friedman is vacated and plaintiff, CNA Corporation, is awarded bid preparation costs. The agency shall pursue a reconsideration of the ethics decision and, at a minimum, shall consider the issues raised by the applicable statutory and regulatory sections, including subsections of 18 U.S.C. § 207 (2000) and 5 C.F.R. § 2637 (Jan. 1, 2007), not previously and properly considered." Order of Judgment (January 7, 2008). We filed a notice of appeal, nearly two months later, on February 29, 2008.

On March 18, 2008, pursuant to this Court's orders, the Department of Health and Human Services, acting by and through Mr. Edgar M. Swindell, Associate General Counsel for Ethics, reissued the agency's ethics decision, explaining in detail the agency's rationale for concluding that CNAC should be excluded from award under the RFP then at issue. On March 19, 2008, the contracting officer, Ms. Elizabeth Osinski, informed CNAC that she was "affirm[ing]" her original "decision to exclude [CNAC] from consideration for the 2007 award of a contract under [the RFP]."

On April 2, 2008, with plaintiff's consent, we moved to withdraw our appeal. The Court of Appeals for the Federal Circuit granted that motion on April 3, 2008. Also, on April 3, 2008, CNAC filed a notice, pursuant to RCFC Appendix C, of CNAC's intention to file a bid protest action with respect to the latest NIH NCS RFP. On April 4, 2008 CNAC filed its application for bid preparation and proposal costs. On April 8, 2008, CNAC filed its second bid protest.[3]

## II. **This Court Should Grant Our Motion To Strike Because CNAC's <u>Application For Bid Preparation And Proposal Costs Is Untimely</u>**

The Court entered judgment in this case pursuant to RCFC 58 on January 7, 2008. Despite the fact that this case is now closed, CNAC failed to cite any rule of this Court or other authority in support of its April 4, 2008 application for bid preparation and proposal costs. As we demonstrate below, we are unaware of any rule or authority that would allow CNAC to file its application for bid preparation and proposal costs at this late date.

First, the issue of the court's injunctive relief order, instructing HHS to issue a new ethics

---

[3] Our position is that CNAC's latest bid protest is not ripe, and is not within this Court's jurisdiction under 28 U.S.C. §1491(b)(1), until such time that CNAC submits a proposal in response to the new RFP, and the agency renders a new adverse decision, a result that is <u>not</u> a forgone conclusion.

decision, is now moot, as the agency has concluded its reconsideration of its challenged ethics decision and has issued a revised decision. Moreover, although we believe that the Court cannot award both injunctive relief and bid preparation costs, see Continental Business Enterprises, Inc. v. United States, 452 F.2d 1016, 1022 (Ct. Cl. 1971), the court never issued a specific monetary judgment in this case. Indeed, as explained in more detail below, CNAC's failure to seek a specific money judgment appears precludes CNAC from doing so now.

Although, pursuant to RCFC 54(d) ("Costs; Attorneys' Fees"), "[a] prevailing party may request the clerk to tax allowable costs by filing a Bill of Costs . . . within 30 days after the date of final judgment," RCFC 54(d)(1)(A), the types of costs for which a plaintiff may submit a bill of costs are specified by 28 U.S.C. § 1920 ("Taxation of costs"), and do not include monetary relief in the form of bid preparation costs awarded pursuant to 28 U.S.C. § 1491(b). See also 28 U.S.C. § 2412. CNAC has not filed a bill of costs pursuant to RCFC 54.

Nor did CNAC file a timely motion to alter or amend the judgment in this case pursuant to RCFC 59. That rule is significant here because, in the January 7, 2008 judgment, this Court did not award a specific amount of bid preparation costs to CNAC. Indeed, CNAC never sought an award of a specific amount from the Court, either prior to, or after, the Court's entry of judgment, until CNAC filed its April 4, 2008 application for bid preparation and proposal costs. RCFC 59(e), however, provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Moreover, "[l]ike a motion for a new trial, a motion to alter or amend the judgment must specify the ground on which it is based . . . [and] must be in writing." 11 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. 2d §2817. Accordingly, CNAC cannot now invoke RCFC 59 to obtain a specific monetary

judgment. See id. ("The court is not permitted to extend the time in which to make the motion.").

For example, in Herzog Contracting Corp. v. McGowen Corp., 976 F.2d 1062 (7th Cir. 1992) (Posner, J.), "[t]he district court's original judgment order (see Fed.R.Civ.P. 58) . . . merely stated that the plaintiff's motion for summary judgment was granted" but "did not mention a sum of money." 976 F.2d at 1064. The plaintiff in that case subsequently "filed a motion under Rule 59(e) to amend the judgment by stating the dollar amount to which it was entitled." Id. The district judge granted that motion, and the defendant filed its notice of appeal within thirty days of the amended judgment but not of the original one. Id. The plaintiff contested the timeliness of defendant's appeal. While the plaintiff argued that the court "did not really amend the judgment, but in effect merely corrected a clerical error – the omission of a dollar amount from the original judgment –" the defendant "respond[ed] that the original judgment was not a final judgment, precisely because it omitted the dollar amount of the plaintiff's entitlement." Id.

The court of appeals in Herzog agreed with the defendant that "the original judgment was final, because the process of reducing it to a sum certain was indeed mechanical[,]" but that because "plaintiff's motion to amend it was a valid invocation of Rule 59(e) . . . it stopped the appeal clock." Id. at 1065. The court accordingly also held that the plaintiff's "motion was not merely one to correct a clerical error, in which event it would not be a motion to alter or amend the judgment within the meaning of Rule 59(e); clerical errors are corrected by motion under Rule 60(a)." Id. (citing United States v. Griffin, 782 F.2d 1393, 1396 (7th Cir.1986)). To the contrary, "[t]here was no error, clerical or otherwise, in the original judgment. It just lacked

explicitness." In that case, unlike here, "the monetary implications of the judgment could indeed be read off from the face of the complaint," but the court nonetheless acknowledged plaintiff's legitimate fear "that the defendant would interpose some objection if the plaintiff tried to collect on a judgment that did not specify an amount due." Id. ; see id. at 1604 ("We think the original judgment was final, because the process of reducing it to a sum certain was indeed mechanical.")

In this case, amending the judgment would be neither clerical – and thus not proper under RCFC 60(a) – nor, on the other hand, even merely "mechanical," as was the nature of the relief requested in the motion at issue in Herzog. Thus, CNAC's application for bid preparation costs appears to be, at best, nothing more than an untimely motion pursuant RCFC 59(e).

CNAC, in apparent recognition of its untimely application, cites, in a footnote, two of this Court's cases to explain CNAC's delay. In particular, CNAC complains that "the Court did not specify whether CNAC should file its application for bid preparation costs directly with the Court or first provide this information with [sic] the agency." See CNAC Application at n.1 (citing CSE Constr. Co. v. United States, 58 Fed. Cl. 230, 263 (2003), and Dynacs Eng'g Co. v. United States, 48 Fed. Cl. 124, 137 (2000)). In contrast to this case, however, the Court in CSE set a briefing schedule for "bid preparation costs and costs pursuant to 28 U.S.C. § 2412(a)" but did not enter final judgment pursuant to RCFC 58. 58 Fed. Cl. at 263; see also 48 Fed. Cl. at 137 (ordering "a status report proposing further proceedings to address the proper remedy for plaintiff in this case").

Finally, assuming, for the sake of argument, that CNAC is not barred from seeking a specific quantum of bid preparation costs, this Court should not adjudicate such a claim until the Court is able to assess the extent to which CNAC recycles its earlier proposal in response to the

latest NCS RFP. In other words, because CNAC cannot collect bid preparation costs expended in the submission of a proposal that is fairly considered by the Government, should CNAC resubmit its proposal in response to the new NCS RFP, CNAC will have obtained all the relief to which it is putatively entitled under 28 U.S.C. § 1491.

## CONCLUSION

For the reasons stated above, we respectfully request that this Court strike CNAC's April 4, 2008 application for bid preparation and proposal costs.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON
Trial Attorney, Commercial Litigation Branch
Civil Division, United States Department of Justice
1100 L Street, N.W.
Washington, DC 20530
Tele: (202) 305-3274
Fax: (202) 514-8624

Dated: April 17, 2008

Attorneys for Defendant