**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(Electronically Filed on May 5, 2008)**
**BID PROTEST**

| | | |
|---|---|---|
| THE CNA CORPORATION, | ) | |
| Plaintiff, | ) | No: 07-858C |
| | ) | (Judge Horn) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**THE CNA CORPORATION'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S APPLICATION FOR BID PREPARATION AND PROPOSAL COSTS**

Pursuant to RCFC 7(b), Plaintiff The CNA Corporation ("CNAC") respectfully submits this response in opposition to Defendant the United States (the "Government")'s motion to strike CNAC's application for bid preparation and proposal costs. The Government moves to strike CNAC's application, asserting that CNAC's application is untimely. However, the Government's argument is incorrectly premised on the conclusion that this Court has already entered a final, appealable judgment. The Judgment entered by the Clerk of the Court on January 7, 2008 was not a final, appealable judgment under RCFC 54 and 58 because it merely stated the Government's liability for bid preparation costs but provided no quantum of damages (or any mechanical method for calculating the damages).

## BACKGROUND

On January 3, 2008, this Court entered an order awarding CNAC injunctive and monetary relief. In particular, the Court's Order states, in pertinent part, "[T]he court partially

awards plaintiff the injunctive relief it seeks, vacates the agency's initial adverse ethics decision on Dr. Friedman, and awards the plaintiff CNA Corporation *bid preparation costs*." January 3, 2008 Order at 3 (emphasis added). The Court's January 3, 2008 Order did not provide any quantum for the award of damages, nor did it further specify how this award of damages should otherwise be calculated.

On January 7, 2008, the Clerk of this Court entered a document titled "Judgment," which included similar language to the Court's January 3, 2008 Order. The "Judgment" states, in pertinent part, "that the agency's initial adverse ethics decision is vacated and plaintiff, CNA Corporation, *is awarded bid preparation costs*." January 7, 2008 Judgment (emphasis added). The January 7, 2008 "Judgment" did not provide any quantum for the award of damages, nor did it specify how this award of damages should be calculated.[1]

After the Court's award of bid preparation costs, CNAC compiled records to quantify its damages. These efforts included preparing accounting materials and supporting documentation of approximately 325 pages. At the same time that CNAC was preparing its application for bid preparation costs, the National Institutes of Health ("NIH") attempted to implement the Court's injunctive relief by preparing a new ethics decision regarding Dr. Sarah Friedman. On March 19, 2008, NIH issued its new ethics decision to CNAC, which decision again prohibited Dr. Friedman from acting as CNAC's Principal Investigator.

On April 4, 2008, based on the Court's previous liability determination (and the entry of "Judgment" on liability), CNAC submitted its application for bid preparation and proposal costs

---

[1] Based on this "Judgment," the Government filed a notice of appeal on February 29, 2008. On April 1, 2008, the Government filed a consent motion to dismiss the appeal. On April 3, 2008, the Federal Circuit dismissed the appeal.

in the amount of $381,817.89 with supporting documentation. On April 17, 2008, the Government filed its motion to strike CNAC's application as untimely. In its motion, however, the Government acknowledges that "the court has never issued a specific monetary judgment in this case." Defendant's Motion to Strike Plaintiff's Application for Bid Preparation and Proposal Costs ("Gov't Motion") at 5. And, the Government acknowledges that such a judgment could not be mechanically derived from the Court's "Judgment." *Id.* at 7.

## DISCUSSION

This Court's January 3, 2008 Order and the Clerk of this Court's January 7, 2008 "Judgment" did not constitute a final, appealable judgment under RCFC 54 and 58, because neither document identified the quantum of damages (or a mechanical method for determining the quantum of damages).[2] Because no final, appealable judgment has been entered, this Court continues to have jurisdiction over this case, including CNAC's application for bid preparation and proposal costs.

RCFC 54 states: "'Judgment' as used in these rules includes a decree and any order from which an appeal lies." RCFC 54(a). Whether an "appeal lies" is dependent on whether the order

[2] The Government incorrectly asserts that this Court improperly awarded both injunctive and monetary relief. *See* Gov't Motion at 5. However, 28 U.S.C. § 1491(b)(2) expressly allows this Court to award "any relief that the court considers proper" including both injunctive and monetary relief (which is limited to bid preparation and proposal costs); the statute does not otherwise limit the award to only one form of relief. *See, e.g.*, *Beta Analytics Int'l, Inc. v. United States*, 75 Fed. Cl. 155, 157 (2007) (awarding injunction for a re-procurement and bid preparation and proposal costs). Moreover, given that CNAC's Complaint at 18, requests that this Court "[a]ward CNAC its costs of pursuing this case, including reasonable attorneys' fees and expenses" and "[s]uch other relief as the Court deems just and proper," this Court was well within the Tucker Act's authority to award bid preparation costs to CNAC. *CSE Constr. Co. v. United States*, 58 Fed. Cl. 230, 263 (2003) (awarding bid preparation costs where the complaint included nearly identical prayers for relief of "'[a]n order awarding CSE its costs for pursuing this action . . . .' and '[s]uch other relief as the Court may deem just and proper'").

or decree is a "final decision" under 28 U.S.C. § 1291 for district courts or 28 U.S.C. § 1295 for this Court. *See* 10 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 54.02[2], at 54-20 (3d ed. 2008) ("'Judgment' includes any appealable order, whether the order is appealable as a final judgment under 28 U.S.C. § 1291, or is otherwise appealable by statute on an interlocutory basis."); *see also Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1345 (Fed. Cir. 2001) (noting that for 28 U.S.C. § 1291 and 28 U.S.C. § 1295 "the 'final decision' requirement of both statutes is coextensive") (internal quotation omitted).

In particular, the Federal Circuit has stated that "a judgment encompassing both liability and damages has been the prerequisite of appellate review." *Teller Envt'l Sys., Inc. v. United States*, 802 F.2d 1385, 1388 (Fed. Cir. 1986); *see also AAA Eng'g & Drafting, Inc. v. Widnall*, 129 F.3d 602, 604 (Fed. Cir. 1997) (same); 12 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 58.02[1], at 58-7 (3d ed. 2008) ("[A]n order determining liability or awarding fees or damages but failing to specify the amount due does not dispose of all issues, and is therefore not a final, appealable, order."). As noted above, this Court's order and the "Judgment" do not specify the amount of damages for the award of bid preparation costs, nor a mechanical method for determining the amount (as the Government concedes). Thus, such a Judgment cannot be a final, appealable judgment. *See United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 233-34 (1958) ("[I]t is obvious that a final judgment for money must, at least, determine, or specify the means for determining, the amount . . . .").

For example, in *Teller Environmental Systems*, the Federal Circuit dismissed an appeal from a Board of Contract Appeals ("BCA") under 28 U.S.C. § 1295(a)(10), which includes the identical term "final decision" found in § 1295(a)(3) for Court of Federal Claims appellate review (and also found in 28 U.S.C. § 1291 for district court review in other circuits). *Teller*

*Envt'l Sys.*, 802 F.2d at 1390; *see also Special Devices*, 269 F.3d at 1345 (noting that "final decision" requirements for § 1291 and § 1295 are "coextensive"). "Without a determination of damages, other circuit courts have consistently held that finality is lacking, thus precluding appellate jurisdiction under 28 U.S.C. § 1291." *Id.* at 1388. In *Teller Environmental Systems*, the Federal Circuit likewise concluded that no appealable "final decision" existed, because the BCA had determined liability but never determined the quantum of damages. *See id.* at 1390 ("The board having failed to determine the amount of liability, its decision lacks finality for purposes of 28 U.S.C. § 1295(a)(10) and, in the absence of jurisdiction, we dismiss without prejudice."). This case shares those facts. There is no way to determine the amount of damages for bid preparation costs based on looking at this Court's January 3, 2008 Order or the January 7, 2008 "Judgment."

In its brief, the Government misreads the import of the Seventh Circuit's decision in *Herzog Contracting Corp. v. McGowen Corp.*, 976 F.2d 1062 (7th Cir. 1992). The Government mistakenly asserts that *Herzog* requires that a prevailing plaintiff must file a Rule 59(e) motion for reconsideration when a judgment only includes a liability determination, but fails to include a determination on damages or any method for calculating the damages. *See* Gov't Motion at 6-7. *Herzog*, however, stands for exactly the opposite proposition: "We think the original judgment was final, because the process of reducing it to a sum certain was indeed mechanical." *Herzog*, 976 F.2d at 1064. As the Seventh Circuit noted, the quantum of damages in *Herzog* could be calculated based on the information on the face of the entered judgment and, therefore, was a final, appealable order. *Id.* at 1064-65. As the Government concedes here, neither the Court's January 3, 2008 Order nor the January 7, 2008 "Judgment" include any quantum of damages. Gov't Motion at 5. The Government also concedes that these documents do not allow for any

"mechanical" method for determining the damages. Gov't Motion at 7. Thus, the judgment cannot be final and appealable and *Herzog* is inapposite.[3]

Additionally, while the Clerk of the Court may have entered the January 7, 2008 Judgment under RCFC 54 and 79, the entry of such a separate document is not conclusive. *See Franklin v. District of Columbia*, 163 F.3d 625, 630 (D.C. Cir. 1999) ("While a properly entered separate judgment is an indicium of finality, *it is not conclusive*.") (citations omitted) (emphasis added). "A non-final order ***cannot*** be appealed even if the district court designates it a 'final judgment' and the clerk of the court enters it as such on the civil docket." *Id.* (emphasis added).[4]

Finally, the Government does not appear to contest the merits of CNAC's application, except to assert that if CNAC re-competes for the award of the Montgomery County, Maryland contract using its previous proposal then it should not recover its damages in the instant case. To support this assertion, the Government contends that CNAC "will have obtained all the relief to which it is putatively entitled" by being allowed to re-compete. *See* Gov't Motion at 8. However, the Government's assertion is meritless, particularly given that CNAC will incur

---

[3] As is evident in *Herzog* and in other Seventh Circuit cases, the Seventh Circuit applies the same rule as the Federal Circuit. *See Buchanan v. United States*, 82 F.3d 706, 707 (7th Cir. 1996) (per curiam including Posner, J.) ("The first and last question that we consider is whether we have jurisdiction over the appeal. We do not if the district court's judgment was not final, 28 U.S.C. § 1291, which in a suit for monetary relief that ends in victory for the plaintiff it would not be if it failed to specify either the amount of the money due the plaintiff or a formula by which the amount of money could be computed in a mechanical fashion.").

[4] Even assuming *arguendo* that this Court's order and judgment could be considered final (and for the reasons stated above, they cannot), at worst this merely creates a new cause of action for CNAC to file a claim for bid preparation and proposal costs within this Court's six year statute of limitations. *See Heyer Prods. Co. v. United States*, 140 F. Supp. 409, 413-14 (Ct. Cl. 1956) (recognizing a cause of action for breach of the implied contract to treat offerors fairly and honestly and a remedy of bid preparation costs); *see also L-3 Commun. Integrated Sys., L.P. v. United States*, 79 Fed. Cl. 453, 461 (2007) (recognizing the continuing vitality of this theory after the passage of the Administrative Dispute Resolution Act).

additional bid preparation costs (regardless of how much of its previous proposal it may use), it has incurred bid protest costs (including attorneys' fees) that it cannot recover, and it is undisputed that CNAC had been selected for award under the 2007 solicitation until the Government conducted its last-minute arbitrary and capricious ethics evaluation. *See MVM, Inc. v. United States*, 47 Fed. Cl. 361, 366 (2000) ("[A]n injunction requiring a repeat of the bidding process does not place the Plaintiff in the same position they would have been in 'but for' the government's error. The Plaintiff paid for its first bid proposal. The Plaintiff paid for bid protest expenses, for which the Court cannot provide compensation. In addition, the Plaintiff paid for a second bid proposal. Even by receiving an award of bid proposal and preparation costs for its first bid, the Plaintiff will have spent a greater sum in bid protest costs, including attorneys' fees. As a result, the Plaintiff has incurred greater costs than it will recover, and it will not be in a better financial position than it would have been 'but for' the government's error."). Ultimately, re-competing for the Montgomery County, Maryland contract in the 2008 solicitation provides essentially no relief for CNAC in connection with the 2007 solicitation involved in the instant case.[5]

[5] As noted in CNAC's April 4, 2008 Application for Bid Preparation and Proposal Costs at 3, CNAC's Application reflects actual costs incurred by CNAC in connection with its proposal preparation. CNAC's Application includes actual third-party invoices, CNAC's actual burdened labor rates, and interim fringe benefit and overhead rates as approved by the Department of the Navy for CNAC's use in its accounting system. *Id.* The $381,871.99 in costs incurred (on a procurement valued at approximately $14 million) represents a substantial sum to CNAC, a non-profit corporation.

## **CONCLUSION**

For the foregoing reasons, CNAC respectfully requests that this Court deny the Government's motion to strike and award CNAC its bid preparation and proposal costs of $381,817.89.

Dated: May 5, 2008

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Daniel S. Herzfeld
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel for The CNA Corporation

*Of Counsel:*
Daniel S. Herzfeld
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859

Caroline L. Plant
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406