**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(Electronically Filed on June 13, 2008)**
**BID PROTEST**

| | | |
|---|---|---|
| **THE CNA CORPORATION,** Plaintiff, v. **THE UNITED STATES,** Defendant. | ) | No. 07-858C (Judge Horn) |

**THE CNA CORPORATION'S SUR-REPLY IN RESPONSE TO THE DEFENDANT'S REPLY AND IN SUPPORT OF CNAC'S PENDING APPLICATION FOR BID PREPARATION AND PROPOSAL COSTS**

Plaintiff The CNA Corporation ("CNAC") respectfully submits this brief sur-reply to respond to two novel arguments raised by the Defendant the United States' (the "Government") May 27, 2008 reply brief supporting its motion to strike CNAC's application for bid preparation and proposal costs. In its May 27, 2008 Reply, the Government makes two arguments in support of its position that CNAC should not receive its bid preparation and proposal costs ("B&P costs"). First, the Government claims that the injunction, set forth in this Court's January 3, 2008 Order and January 7, 2008 judgment, was an appealable judgment and therefore CNAC was required by RCFC 59(e) to amend the judgment within ten days to recover its B&P costs. Second, the Government claims that B&P costs are like prejudgment interest and must be pursued via a motion to alter or amend the judgment under Rule 59(e). Defendant's Reply to the CNA Corporation's Response in Opposition to Defendant's Motion to Strike Plaintiff's Application for Bid Preparation and Proposal Costs ("Gov't Reply") at 4-5. As detailed below, both of these arguments are meritless.

## I. THE COURT'S GRANT OF BID PREPARATION AND PROPOSAL COSTS TO CNAC DID NOT REQUIRE THE FILING OF A MOTION TO ALTER OR AMEND A JUDGMENT WITHIN TEN DAYS UNDER RCFC 59(e)

The Government goes to great lengths in an attempt to show that an interlocutory order might be appealable before a final judgment is rendered and that amending that judgment would necessarily fall under RCFC 59(e)'s ten day filing requirement. However, the Government fails to show how or why any amendment to the Court's January 3, 2008 Order or January 7, 2008 judgment granting injunctive relief is necessary in connection with determining CNAC's B&P costs.

The Government is correct that 28 U.S.C. § 1292(a)(1) "authorizes an appeal from a permanent injunction that is not appealable as a final judgment." 19 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 203.10[2][a] (3d ed. 2008). However, the Government overreaches in arguing that the scope of a permissible appeal of a permanent injunction under § 1292(a)(1) also includes the determination of B&P costs or other monetary relief. *See* 19 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 203.10[7][b] (3d ed. 2008) (stating that "[u]nlike an appeal from a final judgment, an interlocutory appeal [of an injunction] under §1292(a)(1) does not bring up for review all prior rulings of the district court").[1] Illustrative of

[1] CNAC also disputes that a RCFC 59(e) motion would have been appropriate in response to an interlocutory order subject to appeal under 28 U.S.C. § 1292. Usually, interlocutory rulings are not subject to RCFC 59(e). *See Florida Power & Light Co. v. United States*, 66 Fed. Cl. 93, 95-97 (2005) (noting that interlocutory orders are subject to law of the case principles and not the more stringent RCFC 59 standard of review). Moreover, a party may await a final judgment before appealing any interlocutory orders that would normally be subject to immediate appeal under 28 U.S.C. § 1292. *See Brownlee v. Dyncorp*, 349 F.3d 1343, 1348 (Fed. Cir. 2003) (noting that "our sister circuits have permitted parties to wait for final judgment, rather than requiring the parties to take an interlocutory appeal where interlocutory appeals are permitted by 28 U.S.C. § 1292"); *see also Hendler v. United States*, 952 F.2d 1364, 1368 (Fed. Cir. 1991) ("As a general proposition, when a trial court disposes finally of a case, any interlocutory rulings 'merge' with the final judgment. Thus both the order finally disposing of the case and the interlocutory orders are reviewable on appeal."); 19 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 203.10[7][a] (3d ed. 2008) ("Section 1292(a)(1) gives an aggrieved party the right to take an immediate appeal from the orders described in that subsection. The exercise of this right, however, is optional, and in general the party is under no obligation to take an interlocutory appeal.").

this point is the Second Circuit decision in *Petereit v. S.B. Thomas, Inc.*, 63 F.3d 1169 (2d Cir. 1995), where a district court granted a permanent injunction in favor of the plaintiffs before determining the actual amount of the damages due plaintiffs for breach of a distributorship agreement. The defendant appealed the issuance of the permanent injunction and in the review of its jurisdiction the Second Circuit noted that "the grant of a permanent injunction against [the defendant] is an appealable interlocutory order." *Id.* at 1175. However, the Second Circuit's appellate jurisdiction was limited to the permanent injunction and did not extend to the determination of damages, which remained with the district court. *Id*. As the Court noted, "A judgment fixing liability without a calculation of damages – unless their computation is merely ministerial in nature – is not an appealable final order." *Id*. That rule of law governs here.

Furthermore, the *Petereit* case is fully consistent with the statutory scheme governing federal appellate review. The requirements for the finality and appealability of monetary judgments under 28 U.S.C. § 1292(a) are identical to those set forth under 28 U.S.C. §§ 1291 & 1295 – a judgment for monetary damages must include either a sum certain or be susceptible to a ministerial calculation of damages from the face of the judgment before it is final and appealable under RCFC 54. *See* CNAC's May 5, 2008 Response at 3-5. As previously noted by CNAC and conceded by the Government, there is no method of determining the amount of B&P damages based on this Court's prior orders or judgment. *Id.* at 2-3. As a result, contrary to the Government's position, RCFC 59(e) does not apply to CNAC's claim for B&P costs, which remains before this Court for adjudication of the amount of damages based on this Court's liability determination.

Notably, the *PGBA* case that the Government relies heavily upon in its Reply also does not support the Government's position. *See PGBA, Inc. v. United States*, 60 Fed. Cl. 567 (2004) ("*PGBA II*"), *aff'd*, 389 F.3d 1219 (Fed. Cir. 2004). The selected excerpts from *PGBA II* that the Government cites concern the Court's decision that the plaintiff ("PGBA") already "possesses the ability to appeal the Court's denial of injunctive relief" before the Court formally made its judgment final as to the denial of injunctive relief. Gov't Reply at 2 (quoting 60 Fed. Cl. at 570).

However, the Government completely ignores the relevant discussion in *PGBA II* as to the award of bid preparation costs: "[T]he Court grants PGBA's request for a final judgment [as to the Court's denial of injunctive relief] pursuant to RCFC 54(b). PGBA retains its awarded entitlement to bid preparation and proposal costs, which remain to be determined via future proceedings." 60 Fed. Cl. at 570. Therefore, *PGBA II* does not support the Government's position that an order granting injunctive relief also makes appealable a liability determination regarding B&P costs without an accompanying finding that specifies the quantum of damages. In fact, *PGBA II* directly contradicts the Government's argument here.

Moreover, the predecessor decision to *PGBA II*, *PGBA, Inc. v. United States*, 60 Fed. Cl. 196 (2004) ("*PGBA I*"), elucidates the procedures this Court has adopted to determine B&P costs. *PGBA I* was issued on March 31, 2004; it provided that PGBA "may recover its reasonable bid preparation and proposal costs in an amount to be determined after further proceedings in this action . . . . [o]n or before April 30, 2004, the parties shall submit a Joint Status Report addressing the following matters: (1) the amount of PGBA's reasonable bid preparation and proposal costs . . . ." *Id.* at 223. Thus, the *PGBA I* court, after issuing an interlocutory order as to injunctive relief, which is appealable under 28 U.S.C. § 1292(a)(1), gave the parties at least thirty days to determine the amount of B&P costs. This procedure directly contradicts the Government's claim that RCFC 59(e) mandates that a motion to amend the judgment to award B&P costs be filed within ten days of an appealable order regarding injunctive relief. Gov't Reply at 3. Instead, the *PGBA I* and *II* holdings make it clear that RCFC 59(e), and its ten day filing requirement, do not apply to the determination of CNAC's B&P costs. *See CSE Constr. Co. v. United States*, 58 Fed. Cl. 230, 263 (2003) (denying plaintiff injunctive relief but granting bid preparation costs and giving the parties up to two months to complete all of the filings for bid preparation costs); *MVM, Inc., v. United States*, 46 Fed. Cl. 137, 145 (2000) (awarding plaintiff injunctive relief and ordering that the "[p]laintiff shall submit a memorandum relating to bid preparation costs . . . within 30 days. The United States . . .

should respond within 30 days of the date of filing").[2]

## II. CNAC'S CLAIM FOR BID PROPOSAL COSTS IS NOT AKIN TO A CLAIM FOR PREJUDGMENT INTEREST AND THUS IS NOT SUBJECT TO RCFC 59(e)

In its Reply the Government engages in a lengthy discussion regarding postjudgment motions for different types of prejudgment interest and whether they must be pursued by filing a motion to alter or amend the judgment under RCFC 59(e). Gov't Reply at 4-5. This academic discussion of prejudgment interest has absolutely nothing to do with CNAC's claim for B&P costs and simply serves as a distraction.

While the Government relies heavily on *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989), the facts of the *Osterneck* case are significantly different from those at issue here. Gov't Reply at 4-5. In *Osterneck*, the judge immediately entered judgment on a jury verdict, but did not enter a liability determination for prejudgment interest (and instead specifically directed the victorious party to file a motion for prejudgment interest within 10 days of judgment). *See Osterneck*, 489 U.S. at 171-72. In this case, however, the Court found the Government liable for B&P costs in its January 3, 2008 Order and January 7, 2008 "Judgment." CNAC had no reason to move to reconsider the "Judgment" to receive B&P costs (unlike the prevailing party in *Osterneck*), because this Court had already found the Government liable for B&P costs (unlike the court in *Osterneck*, which made no ruling regarding prejudgment interest).

Moreover, a finding of liability of prejudgment interest entered on a "judgment" differs markedly from a finding of liability for B&P costs entered on a "judgment." Prejudgment interest "is the compensation allowed by law as additional damages for lost use of money due as damages during the lapse of time between the accrual of the claim and the date of judgment."

---

[2] The other cases the Government relies upon, including *PIN/NIP*, *King*, *McCowan*, and *Rodriguez*, all simply support the unremarkable proposition that RCFC 59(e) can dictate the time in which a party may file a motion to amend a judgment. However, this is inconsequential since, as shown above, the courts do not consider the determination of B&P costs and other monetary damages to be final and appealable under RCFC 54 until the Court decides the amount of damages stemming from any liability determination for B&P costs.

44B Am. Jur. 2d *Interest and Usury* § 39 (2007). In essence, prejudgment interest is accrued interest that is owed and can be computed once a finite monetary judgment is rendered. In contrast, B&P costs are actual expenditures incurred in preparing a particular bid. "Expenses compensable as bid preparation costs are those in the nature of researching specifications, reviewing bid forms, examining cost factors, and preparing draft and actual bids." *Lion Raisins, Inc. v. United States*, 52 Fed. Cl. 629, 631 (2002). B&P costs vary widely dependent on the nature of the procurement, the identity of the offeror, and the level of effort associated with bid preparation. B&P costs are not subject to formulaic computation, unlike prejudgment interest, which is computed mechanically utilizing a statutory rate. *See also AT&T Tech., Inc. v. United States*, 18 Cl. Ct. 315 (1989) (implicitly distinguishing bid preparation costs from prejudgment interest by expressly allowing for bid preparation costs and denying prejudgment interest). Therefore, while a judgment that awards prejudgment interest is final, one that awards B&P costs without identifying the quantum is not.[3]

---

[3] Similar to its mischaracterization of *Osterneck*, the Government's Reply exaggerates the significance of *Herzog Contracting Corp. v. McGowen Corp.*, 976 F.2d 1062 (7th Cir. 1992). The Government boldly claims that *Herzog* stands for the proposition that "CNAC's application for bid preparation costs properly is considered as a Rule 59(e) motion." Gov't Reply at 6 (citing 976 F.2d at 1065-66). However, *Herzog* stands for no such rule. The opinion never even mentions B&P costs or whether an application for them is subject to RCFC 59(e). Instead *Herzog* addresses the effect of a post-judgment motion on the timeliness of an appeal, issues which are not present here. The Government's argument begs the question of whether this Court issued an appealable judgment under RCFC 54 when it found the Government liable for CNAC's B&P costs without also determining the quantum of damages. For the reasons discussed in this brief and CNAC's Response, no such order or judgment has yet been entered.

**CONCLUSION**

For the foregoing reasons, CNAC respectfully requests that this Court deny the Government's motion to strike and award CNAC its bid preparation and proposal costs of $381,817.89.[4]

Dated: June 13, 2008

Respectfully submitted,

s/Alex D. Tomaszczuk by s/Daniel S. Herzfeld
Alex D. Tomaszczuk
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel for The CNA Corporation

Of Counsel:

Daniel S. Herzfeld
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7612
(703) 770-7901 (fax)

Caroline L. Plant
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
(213) 488-7494
(213) 629-1033 (fax)

[4] The Government also repeats several additional arguments, Gov't Reply at 8-12, which CNAC addressed in its Response. In this regard, while the Government claims that this Court may not award both injunctive and monetary relief, it cites a case – *Beta Analytics* – where Judge Wolski did just that. *See Beta Analytics Int'l, Inc. v. United States*, 75 Fed. Cl. 155, 157 (2007) (noting that the Court ordered a re-procurement of the contract at issue and then provided the plaintiff the opportunity to seek bid preparation costs, which the Court awarded).